## Heyison v. Taylor

*Samuel Avins*, for plaintiffs.

*Brenlove, Fisher, Stein & Winters*, for defendant.

WEISS, J., January 9, 1956.—This case comes before the court on the preliminary objection by defendant in the nature of a demurrer questioning whether the complaint has set forth a good and sufficient cause of action as the basis for recovery in trespass. The question involved is simply whether or not a partnership has a cause of action in trespass against an alleged tortfeasor for damages allegedly sustained by the partnership as a result of the personal injury to one of its partners.

Plaintiff, Max Heyison, sued defendant in trespass for damages for personal injuries resulting from an accident which occurred in 1953. Subsequently, Morris Heyison and his partner, Seymore Heyison, trading as New Forbes Craig Auto Exchange, a partnership, brought an action against the same defendant at the

above number and term. Plaintiffs claim that the partnership has sustained damages by reason of being deprived of Heyison's services, being forced to employ others to do Heyison's work and that the partnership's earnings were impaired as was its earning power.

The question here presented falls within the purview of the A. L. I. Restatement of the Law of Torts, section 912, which states:

"A physical injury to the owner of a business which is harmed by the owner's absence is only indirectly an injury to the business and unless the harm to the business was intended, the owner of the business is entitled only to damages for harm to his earning capacity which may be different from the amount of harm to the business."

Plaintiff in this case does not allege that the harm caused by defendant was intentional. Therefore, this court is of the opinion that the damages to the partnership business are too remote, indefinite and indirect to be recoverable in an action of trespass against defendant. Moreover, a consideration of the practical questions involved leads to the inevitable conclusion that under the circumstances as set forth in the complaint, the allowance of such a claim would result in a multiplicity of suits and a virtual deluge of the courts with such cases.

For these reasons, defendant's demurrer will be sustained.

### Order

And now, to wit, January 9, 1956, after oral argument before the court en banc and a consideration of the briefs submitted in behalf of the parties, it is hereby ordered, adjudged and decreed that defendant's preliminary objection in the nature of a demurrer be and is hereby sustained.

Eo die exception is hereby noted to plaintiff and bill sealed.